```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
----------------------------------------------------------X
BILLY INGRAM,

                    Plaintiff,

        -against-                                 MEMORANDUM AND ORDER
                                                  17-CV-05556 (JMA)(SIL)
NASSAU HEALTH CARE CORPORATION,
                                                            FILED
                    Defendant.                              CLERK
----------------------------------------------------------X
                                                  3/25/2019 10:23 am
APPEARANCES:
                                                  U.S. DISTRICT COURT
Billy Ingram                                      EASTERN DISTRICT OF NEW YORK
      Pro se Plaintiff                            LONG ISLAND OFFICE
```

Brian Joseph Clark
Benjamin E. Stockman
Venable LLP
1270 Avenue of the Americas, 24th floor
New York, NY 10020
     *Attorneys for Defendant*

**AZRACK, United States District Judge:**

Plaintiff Billy Ingram ("plaintiff"), acting pro se, commenced this action on August 10, 2017 against his former employer Nassau Health Care Corporation ("NHCC" or "defendant") alleging claims for discrimination and retaliation. Specifically, construing plaintiff's complaint liberally, plaintiff's claims include disability discrimination, retaliation and hostile work environment under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107; aiding and abetting discrimination under the NYSHRL and NYCHRL; and negligent hiring, retention and supervision. (Compl., ECF No. 1-1.) Before the Court is defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1)

1

and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court grants defendant's motion.

I. BACKGROUND

The following facts are taken from plaintiff's complaint and the record before the Court. In deciding a motion to dismiss, the Court may take judicial notice of public records, including state court filings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). The Court also considers exhibits which are attached or integral to the complaint. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004). Because plaintiff is proceeding pro se, the Court considers plaintiff's factual allegations in his opposition to defendant's motion, in addition to the allegations in the complaint. See, e.g., Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion.").

At all relevant times, plaintiff was a resident of Nassau County, New York. (Compl. ¶ 16.) Plaintiff was employed as a public safety officer by NHCC, a provider of health care services located in East Meadow, New York. (Id. ¶¶ 7, 17.) He was employed from approximately September 3, 2004 to April 13, 2016, when he was terminated for misconduct. (Id. ¶¶ 6, 9; Pl.'s Opp. Mem. to Defendant's Mot. to Dismiss (Pl.'s Opp. Mem. at 2), ECF No. 32-3.)[1] During plaintiff's employment at NHCC, he had a cardiac disorder but was able to complete the essential functions of his position. (Compl. ¶¶ 19, 23.)

While employed by NHCC, plaintiff was accused of not requesting training for his position, job abandonment, and using profanity to a fellow employee. (Id. ¶ 20.) Plaintiff alleges that these

---

[1] Because plaintiff's opposition is not consecutively paginated, the Court refers to the electronic document filing system ("ECF") pagination.

were false accusations that were improperly investigated. (Id. ¶¶ 20, 22.) Plaintiff alleges that when he made defendant aware that this was not acceptable, he was fired. (Id. ¶ 22.)

On March 19, 2015, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") charging defendant with an unlawful discriminatory practice relating to employment because of disability; specifically, for not promoting plaintiff to a full-time public safety officer. (Decl. Benjamin Stockman ("Stockman Decl."), Ex. A, Sept. 17, 2015 NYSDHR Order at 1, ECF No. 32-5.) The NYSDHR dismissed plaintiff's claim on September 17, 2015, finding that the defendant provided a nondiscriminatory reason for not promoting plaintiff to a full-time public safety officer at Nassau University Medical Center. (Id.) Further, the NYSDHR noted that the plaintiff was offered a full-time public safety officer position at A. Holly Patterson Extended Care Facility in March 2015 but that he rejected that position. (Id.)

On February 7, 2016, plaintiff was made a full-time public safety officer. (Pl.'s Opp. Mem. at 1.) Plaintiff alleges that while working at the Holly Patterson Nursing Home, he was refused training, harassed and even threatened. (Id.) Plaintiff claims that he was cursed out by Officer Jamie Rojas during his shift. (Id.) Allegedly, the same officer wrote a false report claiming plaintiff had abandoned his post when he left to pick up a key to the smoking room. (Id.) Plaintiff claims that he reported this incident to Bruce LaPlante, but that nothing was ever done about it. (Id.)

According to a violence incident report dated March 30, 2016, plaintiff had an altercation with Gladys Smith, a supervising housekeeper who told him that he was not allowed to eat at his post in the reception area of the nursing home. (Id. ¶¶ 1, 7.) Plaintiff alleges that she falsely accused him of yelling and cursing at her and calling her a "mother fucker," when he actually told

3

her to "get out of [his] face [because she] was harassing" him. (Id.) Plaintiff claims that he was not given a warning but was terminated following this "falsified" report.[2] (Id. at 1.)

Plaintiff claims that his April 13, 2016 termination was in retaliation for filing his 2015 claim with the NYSDHR. (Compl. ¶¶ 37, 41, 45, 57, 60.) He also alleges that defendant failed to properly investigate his claims of harassment, a hostile work environment and discrimination on the basis of his disability, and that after he made defendant aware that this was unacceptable, he was terminated. (Id. ¶¶ 10, 11, 18, 22.) The complaint also alleges that:

> [p]laintiff provided [d]efendants a doctor's note restricting job duties as light duty as needed. Plaintiff made multiple requests to [d]efendants to accommodate [p]laintiff in compliance with doctor's orders. Defendants failed to provide such and verbally harassed [p]laintiff as a result.

(Compl. ¶ 52.) Finally, plaintiff alleges that on August 15, 2016, at an administrative hearing, an Administrative Law Judge ("ALJ") found that he was not terminated for misconduct. (Id. ¶¶ 22, 26.) As a result of these claims, plaintiff seeks reinstatement to his full-time position and five million dollars in damages.

## A. **Procedural History**

Plaintiff, initially represented by Counsel, filed a complaint in New York State Supreme Court, Nassau County on August 10, 2017 which was removed to this Court on September 21, 2017. (ECF No. 1-2.) On September 28, 2017, defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (Def.'s Mot. to Dismiss, ECF No. 32-1.) Plaintiff, now proceeding pro se, filed a handwritten opposition to defendant's motion on April

---

[2] Subsequent to the filing of defendant's reply memorandum, on June 20, 2018, plaintiff filed a one-page handwritten letter informing the Court that an administrator of Human Resources at NHCC was removed for falsifying paperwork. (ECF No. 33.) Plaintiff's letter states that plaintiff was never written up, warned, or disciplined and that the allegations against him are "falsified." (Id.) It also states that "I believe I have been discriminated against because of my pre-existing heart condition."

16, 2018 (Pl.'s Opp. Mem.) to which defendant replied on May 23, 2018. (Def.'s Reply Mem., ECF No. 32-4.)

## II. DISCUSSION

### A. Standard of Review

The court is mindful that when considering a motion to dismiss a pro se complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

**1. Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see Fed. R. Civ. P. 12(b)(1). In reviewing a motion to dismiss under this Rule, the Court accepts all factual allegations in the complaint as true. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). However, the Court should not draw inferences favorable to the party asserting jurisdiction. Id. In resolving a jurisdictional issue, the Court may consider affidavits and other materials beyond the pleadings, but may not rely on mere conclusions or hearsay statements contained therein. J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004); see also All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 89, n.

8 (2d Cir. 2006) ("The presentation of affidavits on a motion under Rule 12(b)(1) . . . does not convert the motion into a motion for summary judgment under Rule 56.").

**2. Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

**3. Standard for Employment Discrimination**

In addition to the pleading standards discussed above, a court deciding a motion to dismiss an employment discrimination claim must consider the prima facie elements of plaintiff's claim in the context of the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Thomson v. Odyssey House, No. 14-CV-3857, 2015 WL 5561209, at *5 (E.D.N.Y. Sept. 21, 2015) (citing Littlejohn v. City of New York, 795 F.3d 297, 307-08 (2d Cir. 2015)). Under that framework, a plaintiff must first establish a prima face case of discrimination. Id. (citations omitted). However, "[t]o survive a motion to dismiss, the plaintiff does not need to prove discrimination, or even allege facts establishing every element of the McDonnell Douglas prima facie case, but the facts alleged must give 'plausible support to the reduced requirements' of the prima facie case." Id. (quoting

Littlejohn, 795 F.3d at 311); see also Dawson v. New York City Transit Auth., 624 Fed. App'x 763, 767 (2d Cir. 2015) ("We apply [the Littlejohn] standard in reviewing the district court's dismissal of [p]laintiff's ADA complaint."). Thus, while a plaintiff need not allege specific facts establishing all the elements of a prima facie case under McDonnell Douglas, these elements can still "provide an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible." Kelly v. N.Y. State Office of Mental Health, 200 F. Supp. 3d 378, 389 (E.D.N.Y. Aug. 9, 2016) (quoting Pahuja v. Am. Univ. of Antigua, No. 11-CV-4607, 2012 WL 6592116, at *9 (S.D.N.Y. Dec. 18, 2012)).

## B. Disability Discrimination[3]

Plaintiff's claims of disability discrimination under the ADA and the NYSHRL are examined under the same standards. See Hunt-Watts v. Nassau Health Care Corp., 43 F. Supp. 3d 119, 165-36 (E.D.N.Y. 2014) (citing Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 184 n. 3 (2d Cir. 2006) (finding that a NYSHRL disability discrimination claim "is governed by the same legal standards as govern federal ADA claims" and dismissing the NYSHRL claim "on the same

---

[3] Defendant contends that the complaint fails to set forth any allegations that plaintiff has complied with the administrative prerequisites to filing suit under the ADA. (Def.'s Mot. to Dismiss at 8.) The Court recognizes that a federal employment discrimination claim is time-barred unless the plaintiff first files an EEOC charge within 180 days of the alleged discrimination, or within 300 days if the plaintiff had already filed a charge with the state or local employment agency. 42 U.S.C. § 2000e–5(e)(1). After the complainant has been issued a "right to sue" letter, the complainant must file his or her action in federal court within 90 days of receipt of the letter. 42 U.S.C. § 2000e-5(f)(1). Though plaintiff fails to allege that he has complied with these procedural requirements, he is "not required to demonstrate at the pleading stage that his claims were administratively exhausted." DiPetto v. U.S. Postal Serv., 383 Fed. App'x. 102, 104 (2d Cir.2010) (summary order) (citing Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). Accordingly, the Court will not dismiss plaintiff's ADA claim based on failure to exhaust administrative remedies. However, as plaintiff's ADA claim is being dismissed on substantive grounds and he is granted leave to amend (as discussed *infra*), he may well wish to attach his EEOC claim in full to his amended complaint in the interest of completeness. In the event plaintiff fails to do so, at that time, defendant may seek to raise this issue in a motion for partial summary judgement.

basis as [the plaintiff']s ADA claim").[4] Under the ADA, employers may not "discriminate against a qualified individual on the basis of disability" in making employment decisions. 42 U.S.C. § 12112. To make out a prima facie case of disability discrimination, a plaintiff must show that (1) the employer is subject to the ADA; (2) the plaintiff was a person with a disability within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of her disability. McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013); Thomson, 2015 WL 5561209, at *16. As discussed above, while a plaintiff is not required to make out a prima facie case in order to survive a motion to dismiss, he must establish a claim that has "[f]actual allegations [that] raise a right of relief above the speculative level." Krasner v. HSH Nordbank AG, 680 F. Supp. 2d 502, 512 (S.D.N.Y. 2010) (quoting Twombly, 550 U.S. at 555).

Defendant contends that plaintiff's complaint is deficient in that it fails to allege that plaintiff suffered from a "disability" as defined by the ADA; or that he was terminated as a result of any such "disability." (Def.'s Mot. to Dismiss at 1.) Plaintiff does not respond to either argument. (See Pl.'s Opp. Mem. at 4-6.) The Court addresses each contention below.

**1. Disability**

First, the Court addresses defendant's argument that the plaintiff does not suffer from a "disability" as defined by the ADA. The ADA provides that "[t]he term 'disability' means, with respect to an individual (A) a physical or mental impairment that substantially limits one or more

---

[4] Aside from the broader scope of the term "disability" under the NYSHRL, a plaintiff's state law discrimination claim is governed by the same legal standards as federal ADA claims. See Hong Yin v. N. Shore LIJ Health Sys., 20 F. Supp. 3d 359, 376 (E.D.N.Y. 2014) ("For the most part, the ADA and the NYSHRL are construed similarly, and the clear legislative purpose in drafting the NYSHRL was to enact a definition of disability coextensive with comparable federal statutes.") (internal quotation omitted).

of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). If an individual meets any one of these three criteria, he or she is considered an individual with a disability under the ADA. Schaefer v. State Ins. Fund, 207 F.3d 139, 142 (2d Cir. 2000). The ADA defines "major life activities" to include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Under the EEOC's regulations, the term "substantially limits" is construed broadly, and is not meant to be a demanding standard. Stinnett v. Delta Air Lines, Inc., 278 F. Supp. 3d 599, 613 (E.D.N.Y. 2017) (citing Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 69 n. 3 (2d Cir. 2014). "Plaintiff must still, however, comply with Fed. R. Civ. P. 8 by pleading sufficient facts to 'raise a right to relief above the speculative level' and 'nudge . . . claims across the line from conceivable to plausible.'" Kelly, 200 F. Supp. 3d at 378 (finding conclusory allegations insufficient to adequately allege a substantial limitation); Ivankovskaya v. Metropolitan Transp. Auth. Bus Co., 15-CV-5727, 2017 WL 3328166, at *4 (E.D.N.Y. Aug, 3, 2017) (dismissing ADA claim where plaintiff alleged that her disc herniation impacted her ability to sit, stand, and walk but failed to put forth any factual support to demonstrate that her alleged disability substantially limited her ability to perform these activities.)

Here, plaintiff fails to allege that he is disabled. Plaintiff's complaint makes a single allegation vaguely referencing his "cardiac disorder," (Compl. ¶ 19), but does not include any allegations from which the Court could glean which, if any, major life activity is substantially limited by his "cardiac disorder." Absent any such allegations, a claim under the ADA cannot persist and must be dismissed. See Dechberry v. N.Y.C. Fire Dep't, 124 F. Supp. 3d 131, 151

(E.D.N.Y. 2015) ("[P]laintiff does not allege any facts for the court to determine whether she is disabled within the meaning of the ADA. Although plaintiff arguably identifies her alleged disability . . . she does not explain what 'major life activity' is 'substantially limited.' "). "Without any factual specificity as to the alleged disability claimed and the major life activities affected, the Complaint fails to plead that plaintiff was disabled." Id. at 151 (citing Broderick v. Research Found. of State Univ. of New York, No. 10-CV-3612, 2010 WL 3173832, at *2 (E.D.N.Y. Aug. 11, 2010) (dismissing ADA claim where "notwithstanding the Act's new liberal pleading standards", plaintiff's conclusory alleged that she was "disabled" due to an unspecified injury to her hip and lower back and failed to explain what "major life activity" it "substantially limited.")

Additionally, plaintiff's complaint, which was drafted by an attorney, does not allege that he has a record of a disability or that he was regarded as having a disability within the meaning of the ADA. Moreover, the factual allegations in the complaint do not plausibly allege that plaintiff had a record of disability or that he was regarded as disabled. To the extent plaintiff relies on the fact that he filed a disability discrimination complaint with the NYSDHR in 2015, the dismissal of that claim does not support the existence of a disability. The NYSDHR's Order provides that:

> according to the Complainant, he was allowed to take off of work for his disability in February 2014 and return to work in March 2014. He asserted that he returned to work without restrictions and he did not request any accommodations for his alleged disability. The Complainant did not allege that the Respondent made any comments or remarks regarding his alleged disability.

(Stockman Decl., Ex. A, at 2.) The fact that plaintiff returned to work so quickly—within one month—without claim of limitation undermines his disability claim; "short term, temporary restrictions are not substantially limiting and do not render a person disabled within the meaning of the ADA." Verdi v. Potter, 08-CV-2687, 2010 WL 502959, at *5 (E.D.N.Y. Feb. 9, 2010) (internal quotation marks omitted); Emmons v. City Univ. of New York, 715 F. Supp. 2d 394,

10

409-10 (E.D.N.Y. 2010) (dismissing ADA claim because plaintiff failed to allege substantial limitation, was cleared to return to work within two months, and did not set forth facts showing that defendants regarded her as disabled). As a result, plaintiff has not sufficiently alleged that he was disabled or regarded as having a disability under the ADA.[5]

### 2. Causation

Plaintiff's ADA claim fails for the additional reason that he has not alleged causation as required under the ADA. To state a claim for discrimination under the ADA, a plaintiff must allege facts which plausibly suggest that he suffered an adverse employment action because of his disability. Giambattista v. Am. Airlines, Inc., 584 Fed. App'x 23, 25 (2d Cir. 2014) (summary order). To defeat a motion to dismiss, a plaintiff need only allege facts that "give plausible support to a minimal inference of discriminatory motivation." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 84 (2d Cir. 2015) (Title VII); Dooley v. JetBlue Airways Corp., 636 Fed. App'x 16, 22 (2d Cir. 2015) (summary order) (applying Vega to ADA discrimination claims). However, where the complaint fails to raise disability discrimination allegations "above the speculative level," as is the case here, dismissal is appropriate. Perry v. NYSARC, Inc., 424 Fed. App'x 23, 26 (2d Cir. 2011).

In the instant case, plaintiff fails to allege any facts supporting a causal connection between his alleged disability and any adverse acts by defendant, including plaintiff's termination. Without alleging any details, plaintiff's complaint merely states that "[p]laintiff provided [d]efendants a doctor's note restricting job duties as light duty as needed. Plaintiff made multiple requests to [d]efendants to accommodate [p]laintiff in compliance with doctor's orders. Defendants failed to provide such and verbally harassed [p]laintiff as a result." (Compl. ¶ 52.) Wholly missing from

---

[5] Because the Court is dismissing all of plaintiff's claims on other grounds, it is unnecessary to reach the question of whether plaintiff has plausibly alleged, under the NYSHRL, that he suffers from a disability, as defined by that statute.

11

plaintiff's complaint is any explanation of plaintiff's condition requiring an accommodation, when and to whom the doctor's note was given in plaintiff's twelve years of employment with defendant, how plaintiff was to be accommodated, and how defendant failed to accommodate him. Such vague and speculative allegations fail to give rise to an inference of "discriminatory motivation." See, e.g., Perry, 424 Fed. App'x at 25 (citing Twombly plausibility standard and dismissing ADA claims partly on grounds that the "facts alleged in [plaintiff's] complaint provide no direct evidence of [disability] discrimination" or suggestion of a discriminatory motive); Jackson v. Elmhurst Hosp. Ctr., No. 10–CV–5248, 2012 WL 868965, at *6 (E.D.N.Y. Mar. 14, 2012) ("Where, as here, plaintiff has not pled any connection between a disability and an adverse employment action, dismissal is appropriate."); Smith v. Reg'l Plan Ass'n, Inc., 10-Civ-5857, 2011 WL 4801522, at *6 (S.D.N.Y. Oct. 7, 2011) (dismissing ADA claim in part because there was no allegation that any adverse action was "because of [plaintiff's] disability").

More importantly, plaintiff's opposition papers demonstrate the wholly non-discriminatory explanation for his termination – a "false report" was made claiming that plaintiff abandoned his post while working, he was written up for using obscene language in an altercation with a fellow employee, and, admittedly, he was "fired for misconduct." (Pl's Opp. Mem. at 1-2.)[6] See, e.g., Jackson, 2012 WL 868965, at *7 ("[P]laintiff cannot overcome the facts averred in her own complaint that provide a wholly non-discriminatory explanation for the warning she received.") Thus, as none of plaintiff's allegations have anything to with his "cardiac disorder", plaintiff fails to plead the causation element of an ADA claim.

---

[6] Plaintiff contends that he was falsely accused and exonerated by an administrative judge. (Pl.'s Opp. Mem. at 1.) In support of this contention, plaintiff attaches to his opposition papers a portion of what appears to be the findings of fact by an ALJ from an unemployment benefits hearing, (id. at 4), and thus, has no bearing on whether plaintiff was terminated because of his alleged disability.

As plaintiff fails to allege both a disability and causation, defendant's motion is granted, and plaintiff's discrimination claims under the ADA and the NYSHRL are dismissed.[7]

**C. Retaliation Claims**

Even where a plaintiff fails to prove that there was a violation of the ADA, he may be able to establish that the defendant retaliated against him for engaging in protected conduct. See Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 234 (2d Cir. 2000). Retaliation claims under the ADA and the NYSHRL are governed by the same legal standards. Id. (noting that the NYSHRL anti-retaliation provision is "substantially similar" to the ADA's provision."). The ADA prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203. To establish a prima facie case of retaliation, a plaintiff must show that: "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action. Weixel v. Bd. of Educ. of the City of New York, 287 F.3d 138, 148 (2d Cir. 2002) (citation omitted). As with a discrimination claim, the "allegations in the complaint need only give

---

[7] The complaint—which, again, was drafted by an attorney—never specifically alleges a failure to accommodate claim under the ADA. In any event, the complaint's passing references to a failure to accommodate claim fail to state a plausible claim under either the ADA or the NYSHRL. (See Compl. ¶¶ 19, 52.) Plaintiff has not alleged sufficient facts to plausibly suggest that defendant failed to provide a reasonable accommodation. "In order to plead a plausible claim of a disability discrimination based on a failure to accommodate, a plaintiff must allege facts showing that (1) the employer is subject to the ADA, (2) she is disabled within the meaning of the ADA, (3) she could perform the essential functions of the job with or without reasonable accommodation, and (4) the employer had notice of the disability and failed to provide such accommodation." Yin, 20 F. Supp. 3d at 376 (citation omitted). Plaintiff's conclusory allegations concerning requested accommodations, (see Compl. ¶¶ 19, 52), fail to state a plausible claim under this standard.

plausible support to the reduced prima facie requirements[.]" Littlejohn, 795 F.3d at 316 (internal citation and quotation marks omitted).

Plaintiff appears to allege that his March 2015 filing of a complaint with the NYSDHR for being passed over for a promotion to a full-time security officer was a protected activity forming the basis for his retaliation claim. (Pl.'s Opp. Mem. at 1-2.) Complaints, whether formal or informal, are considered protected activity in retaliation claims. See Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002); Sumner v. U.S. Postal Serv., 899 F.2d 203, 208-09 (2d Cir. 1990) (Protected activities include "the filing of formal charges of discrimination, . . . as well [as] informal protests of discriminatory employment practices."). However, defendant contends that plaintiff's conclusory allegations of causation fail to satisfy the pleading standards for a retaliation claim. (Def.'s Reply Mem. at 3-5.) The Court agrees.

It is an "unsettled question of law in this Circuit" whether a plaintiff alleging an ADA retaliation claim must show that the retaliation was a "but-for" cause of the termination or merely a "motivating factor." Eisner v. Cardozo, 684 Fed. App'x 29, 30 (2d Cir. 2017). Under either standard, plaintiff fails to establish a prima facie case of retaliation because he alleges no facts to support a causal connection between defendant's alleged harassment, threats and termination of plaintiff, and his 2015 complaint. See Jackson, 2012 WL 868965, at *8-9 (finding no plausible retaliation claim where plaintiff made only "vague and undated conclusory allegations" connecting her alleged protected activity with adverse employment actions); Perry, 424 Fed. App'x at 26 (upholding dismissal where plaintiff's complaint failed to raise allegations of retaliation "above the speculative level"). Plaintiff offers only speculative conclusory allegations that he was threatened, harassed, refused training, and ultimately, terminated because of his NYSDHR Complaint. (Pl.'s Opp. Mem. at 1 ("[t]his is all retaliation for me going to the Department of

Human Rights on March 2015.")). "Simply pleading that an adverse employment action occurred later in time than plaintiff's protected activity is insufficient to survive a motion to dismiss." Dechberry, 124 F. Supp. 3d at 154 (dismissing retaliation claim against employer based on conclusory allegations that the denial of plaintiff's benefits and insurance was retaliatory due to her complaints to the EEOC) (citing Edwards v. Elmhurst Hosp. Ctr., No. 11–CV–5348, 2013 WL 839554, at *6 (E.D.N.Y. Feb. 4, 2013) report and recommendation adopted, 2013 WL 831162 (E.D.N.Y. Mar. 6, 2013) (dismissing retaliation claim where plaintiff "fail[ed] to include any allegations whatsoever to infer a causal nexus between his complaints of discrimination and the alleged adverse action").

Further, any temporal connection between plaintiff's termination and the filing of his NYSDHR complaint is too attenuated to establish causation. Though causation may also be established by showing a "close temporal relationship" between the employer's adverse actions and the protected activity, Treglia, 313 F.3d at 720, that temporal proximity must be very close. See Riddle v. Citigroup, 640 Fed. App'x 77, 79 (2d Cir. 2016) (a "gap of some sixteen months is too long to support a retaliation claim based solely on temporal connection"); Vega, 801 F.3d at 90 (retaliatory purpose can be shown indirectly by timing of protected activity if activity was "followed closely in time by adverse employment action")). Here, plaintiff's termination is temporally too remote from the filing of his NYSDHR complaint to support a retaliation claim. Plaintiff filed his complaint with the NYSDHR in March 2015, (Stockman Decl., Ex. A); he was not terminated until April 2016—one year after filing his complaint. (Compl. ¶ 9.) Moreover, subsequent to plaintiff's 2015 NYSDHR complaint, on February 7, 2016, plaintiff was made a full-time public safety officer, further undermining any claim of retaliation based on timing. (Pl.'s Opp. Mem. at 1.) Thus, plaintiff cannot allege a temporal proximity between his termination and

the filing of his NYSDHR complaint. Accordingly, because plaintiff alleges no facts to suggest a plausible causal nexus between the protected activity and the alleged adverse employment actions, plaintiff's retaliation claims are dismissed for failure to state a claim upon which relief may be granted.

### D. Hostile Work Environment Claim

It appears from plaintiff's complaint that he also alleges a claim for discriminatory harassment based upon a hostile work environment under the ADA and the NYSHRL. (Compl. ¶¶ 28, 31, 34.) Though a hostile work environment claim is cognizable under the ADA, Fox v. Costco Wholesale Corp., CV-17-0936, 2019 WL 1050643, at *1 (2d Cir. March 6, 2019), this claim suffers the same futility as plaintiff's other discrimination claims.

In order to state a hostile work environment claim under the ADA, a plaintiff "must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [disability]." Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (internal citations and quotations omitted). Courts look to the totality of the circumstances to determine whether conduct is sufficiently severe or pervasive to alter the plaintiff's working conditions. Aulicino v. N.Y.C. Dep't of Homeless Servs., 580 F.3d 73, 82-83 (2d Cir. 2009). To survive dismissal under Federal Rule 12(b)(6), a plaintiff must "plead facts sufficient to support the conclusion that [he or] she was faced with harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." Id. (internal citations and quotations omitted).

Plaintiff's sole allegation is that he was generally "the subject of a hostile work environment" and "unlawful harassment by [d]efendant on an ongoing basis, including but not

limited to, false accusations of misconduct, [and] failure to investigat[e] such false accusations," (Compl. ¶ 18), is too vague and conclusory to support such a claim. See Argeropoulos v. Exide Techs., 2009 WL 2132443, at *6 (E.D.N.Y. Jul. 8, 2009) ("[T]he Court need not accept as true Plaintiff's conclusory and entirely non-specific allegation . . . Rather, [p]laintiff must plead sufficient 'factual content' to allow the Court to draw a 'reasonable inference' that [he] suffered from a hostile work environment.") (quoting Iqbal, 129 S. Ct. at 1949) (Title VII claim). Plaintiff does not describe defendant's conduct, including the level of severity, pervasiveness, or frequency of the alleged harassment. Nor does plaintiff allege that the harassment was because of his alleged disability. Thus, as with plaintiff's discrimination and retaliation claims, he fails to plead sufficient facts to support a hostile work environment claim under the ADA. Further, since NYSHRL hostile work environment claims are governed by the same standard as federal claims, plaintiff's state law claim also fails. Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 609 (2d Cir. 2006). Accordingly, plaintiff's hostile work environment claims are dismissed.

### E. NYCHRL Claims

Plaintiff alleges disability discrimination, retaliation, hostile work environment, and aiding and abetting claims against defendant under the NYCHRL. However, it is well-established that in order "[t]o state a claim under the NYCHRL, the [p]laintiff must allege that the [d]efendant discriminated against [him] within the boundaries of New York City." Robles v. Cox & Co., 841 F. Supp. 2d 615, 623 (E.D.N.Y. 2012) (internal quotation marks and citations omitted); see also Fried v. LVI Servs., Inc., No. 10 CIV. 9308, 2011 WL 4633985, at *12 (S.D.N.Y. Oct. 4, 2011) aff'd, 500 F. App'x 39 (2d Cir. 2012) ("The NYCHRL expressly limits the applicability of its protections to acts that occur within the boundaries of New York City.") (citing N.Y.C. Admin. Code § 2–201).

Plaintiff is a Nassau County resident, who worked for NHCC in Nassau County. (Compl. ¶¶ 3, 7, 16.) Nowhere in the complaint does plaintiff allege any facts suggesting that the alleged conduct took place in New York City. Therefore, the Court lacks subject matter jurisdiction over plaintiff's NYCHRL claims. Accordingly, defendant's motion to dismiss those claims is granted.

## F. State Law Claims[8]

### 1. Aiding and Abetting

Plaintiff asserts a claim against defendant for "aiding and abetting" discrimination under the NYSHRL. (Compl. ¶¶ 63-66.) Section 296(6) of the NYSHRL provides that it is an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the NYSHRL], or attempt to do so." N.Y. Exec. Law § 296(6). "[T]he predicate for imposing liability based on an aiding and abetting theory under the NYSHRL is the employer/principal's liability for discrimination under the statute." Lee v. Winthrop Univ. Hosp., No. 13-CV-5003, 2015 WL 7161955, at *19 (E.D.N.Y. Nov. 13, 2015) (citing Daniels v. Wesley Gardens Corp., No. 10–CV–6336T, 2011 WL 1598962, at *3 (W.D.N.Y. Apr. 27, 2011)). Because the Court finds that plaintiff has failed to state a viable disability discrimination or retaliation claim, plaintiff's aiding and abetting claim also must fail. Id. at 20 (citing Ying v. City Univ. of New York, No. 10-CV-4990, 2011 WL 6337666, at *2 (E.D.N.Y. Dec. 19, 2011) ("[B]ecause the plaintiff does not state a viable claim for sex discrimination, her claim for aiding and abetting sex discrimination fails as well.")). Accordingly, plaintiff's aiding and abetting claim under the NYSHRL is dismissed.

---

[8] To the extent plaintiff attempts to raise additional state law claims in the letter he filed on October 26, 2018, five months after defendant submitted its reply, this Court declines to exercise supplemental jurisdiction over those claims as all of plaintiff's federal claims are being dismissed. See 28 U.S.C. § 1367(c)(3).

**2. Negligent Hiring, Retention, and Supervision**

"It is well settled within the Second Circuit that 'common law negligence claims are barred by the New York[ ] Workers' Compensation Law.' " Corrado v. New York Unified Court Sys., 163 F. Supp. 3d 1, 26 (E.D.N.Y. 2016) (quoting D'Annunzio v. Ayken, Inc., 25 F. Supp. 3d 281, 294 (E.D.N.Y. 2014)). The New York Workers' Compensation Law provides that, "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ." N.Y. Workers' Comp. Law § 29(6) (McKinney 2011); see also Ferris v. Delta Air Lines, Inc., 277 F.3d 128, 138 (2d Cir. 2001) (citations omitted) (barring negligent supervision and retention claims arising out of sexual assault by co-worker); Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997) (barring negligent supervision claim based on harassment by co-worker). Accordingly, because plaintiff's negligent supervision claim clearly is preempted by the New York Workers' Compensation Law, it is hereby dismissed.

**G. Leave to Amend**

"Where dismissal is based on a pro se plaintiff's failure to comply with pleading conventions, a district court 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.' " Shelton v. Trs. of Columbia Univ., 236 Fed. App'x 648, 649 (2d Cir. 2007) (summary order) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)); Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam) (A pro se litigant should be given one opportunity to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").

While plaintiff's complaint lacks factual allegations that state a plausible claim to relief for discrimination, hostile work environment, or retaliation, see Twombly, 550 U.S. at 570, he may

be able to correct these pleading defects. See Crisci-Balestra v. Civil Serv. Employees Ass'n, Inc., 2008 WL 413812, at *6 (E.D.N.Y. Feb. 13, 2008). Therefore, the Court grants plaintiff one opportunity to amend his complaint to state plausible claims of discrimination and retaliation against defendant. Plaintiff shall file the amended complaint within thirty (30) days of the date of this Memorandum and Order. Failure to do so will result in dismissal of this case with prejudice. The amended complaint must be captioned as an "Amended Complaint" and must bear the same docket number as this Memorandum and Order.

### III. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the complaint is granted in its entirety, but plaintiff is granted leave to amend his complaint within thirty days of this Memorandum and Order. Failure to do so will result in dismissal of this action with prejudice.

The Clerk of the Court is directed to send a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

Dated: March 25, 2019
Central Islip, New York

                                                      /s/ (JMA)
                                     Joan M. Azrack
                                     United States District Judge