```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          For Online Publication Only
---------------------------------------------------------------X
BILLY INGRAM,

                        Plaintiff,

        -against-                                      MEMORANDUM AND ORDER
                                                       17-CV-05556 (JMA)(SIL)
NASSAU HEALTH CARE CORPORATION,

                        Defendant.
---------------------------------------------------------------X
```

**APPEARANCES:**

Billy Ingram
    *Pro se Plaintiff*

Brian Joseph Clark
Benjamin E. Stockman
Venable LLP
1270 Avenue of the Americas, 24th floor
New York, NY 10020
    *Attorneys for Defendant*

FILED
CLERK
2/13/2020 4:42 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

       In an order dated March 25, 2019 (the "Order"), the Court dismissed Plaintiff's Complaint for failure to state any plausible claims, but gave Plaintiff an opportunity to file an amended complaint. On July 17, 2019, Plaintiff filed a one-page Amended Complaint with five exhibits, including two medical records concerning his heart condition. (Amended Complaint, ECF No. 37.) Defendant filed a motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, the Court grants Defendant's motion and dismisses the Amended Complaint with prejudice.

## I. DISCUSSION

A. <u>**Plaintiff's Disability Discrimination and Retaliation Claims**</u>

The Order set out the relevant legal standards that govern motions to dismiss, pro se litigants, and claims for disability discrimination and retaliation. It is unnecessary to repeat them here.

The Order found that Plaintiff's original Complaint failed to plausibly allege a disability. In an attempt to remedy this deficiency, Plaintiff submitted two medical records concerning his heart condition. It is unnecessary to determine whether these records are sufficient to allege a disability under either federal or state law, because, even assuming that Plaintiff has plausibly alleged a disability,[1] he has still failed to plausibly allege causation—namely that he suffered an adverse action because of his disability. Similarly, Plaintiff's retaliation claim also fails to plausibly allege causation.

With respect to the causation element of both claims, in the Amended Complaint, Plaintiff again denies using profanity or being "confrontational" with another employee. Thus, Plaintiff disputes the alleged misconduct reported to Defendant that Defendant asserts resulted in his termination. Additionally, the Amended Complaint alleges that Defendant terminated Plaintiff in April 2016 because it wanted to prevent him from obtaining union protections and full-time benefits. Plaintiff alleges that because he had a pre-existing heart condition, Defendant viewed him as a liability.

None of the allegations in the Amended Complaint, or Plaintiff's other filings, are sufficient to plausibly plead the causation element necessary to allege a viable claim of disability

---

[1] Under the Americans with Disabilities Act, a "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1). "[A] major life activity also includes the operation of a major bodily function, including but not limited to . . . circulatory . . . functions." 42 U.S.C. § 12102.

discrimination or retaliation. The fact that Plaintiff denies the alleged misconduct reported to Defendant is insufficient, given all of the circumstances here, to plausibly allege disability discrimination or retaliation. In February 2016, Defendant promoted Plaintiff to a full-time public safety officer. At the time, Defendant was already aware of both Plaintiff's disability and his New York State Division of Human Rights ("NYSDHR") complaint, which he had filed in March 2015—more than a year before he was terminated in April 2016. And, Plaintiff's pleadings do not allege that any specific discriminatory or retaliatory comments were made about his heart condition or protected activity.[2] These points render implausible Plaintiff's conclusory allegations that his termination was a result of disability discrimination and retaliation.

Although the Amended Complaint alleges that Defendant terminated Plaintiff because he was on the verge of obtaining full-time benefits and that his heart condition made him a liability, none of the supporting allegations render plausible these conclusory allegations of disability discrimination. Not only was Defendant aware of Plaintiff's disability when it promoted him to a full-time employee, but nothing in the pleadings suggests that defendant viewed his heart condition as a liability. As noted in the Order, before the New York State Division of Human Rights, Plaintiff conceded that Defendant allowed him to take one month off in February 2014 to deal with his heart condition and that he returned to work in March 2014 without any restrictions. (Order at 10.) And, nothing in Plaintiff's papers indicates that between March 2014, and his termination in April 2016, Plaintiff was absent due to his heart condition or was required to undergo anything

---

[2] In a letter dated June 20, 2018 that Plaintiff submitted after the briefing on the motion to dismiss was completed, Plaintiff asserted that "I was told to drop the Human Rights Department case in order to be given full time." (ECF No. 33.) The June 20, 2018 letter did not indicate who made this alleged comment or when it was made. The Amended Complaint does not mention this alleged comment and, in fact, says nothing about alleged retaliation for filing the NYSDHR complaint. Rather, the Amended Complaint stresses that defendant terminated Plaintiff in order to prevent him from receiving union protections and full-time benefits.

3

other than routine treatment.[3]  Additionally, the Amended Complaint does not plausibly suggest that the possibility Plaintiff might incur some medical costs in the future to treat his heart condition would be a financial concern to Defendant.  If Plaintiff had not been fired and had obtained full-time health benefits, Defendant presumably would have paid a fixed premium for Plaintiff's full-time health benefits that would not have changed based on the particular amount of health care used by Plaintiff—nothing in the Amended Complaint suggests otherwise.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense.")

Thus, for the reasons stated above, the Amended Complaint fails to allege plausible claims for disability discrimination and retaliation.  Accordingly, those claims are dismissed with prejudice.

## B. The Remaining Claims Addressed in the Order

In the Order, the Court also dismissed Plaintiff's hostile work environment claim, New York City Human Rights Law claim, state law Aiding and Abetting claim, and Negligent Hiring, Retention, and Supervision claim.  Nothing in the Amended Complaint cures the deficiencies in those claims.  Accordingly, to the extent the Amended Complaint seeks to reallege any such claims, such claims are again dismissed with prejudice.

---

[3]  Notably, one of the exhibits attached to the complaint is a medical record from September 5, 2018, which indicates that Plaintiff reported no cardiac complaints, underwent an echocardiogram and was directed to "follow up in one year" with another echocardiogram.  Although this medical record is from a visit more than two years after Plaintiff's termination, it suggests that Plaintiff's heart condition was also under control between March 2014 and April 2016 when he worked for Defendant and further shows that Plaintiff's allegations that Defendant viewed him as a liability because of his heart condition are implausible.

**C. New Claims Raised in the Amended Complaint**

    **1. First Amendment Claim**

The Amended Complaint alleges, for the first time, that Plaintiff's First Amendment rights were violated.

Where a public employee is alleging retaliation for the exercise of First Amendment free speech rights, he must plausibly allege that: "(1) the speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest; (2) he or she suffered an adverse employment action; and (3) "the speech was at least a substantial or motivating factor in the [adverse employment action]." Johnson v. Ganim, 342 F.3d 105, 112 (2d Cir. 2003) (citations and internal marks omitted).

The Amended Complaint does not allege that Plaintiff engaged in any speech on a matter of public concern. Accordingly, Plaintiff's First Amendment claim fails and is dismissed with prejudice.

    **2. Slander and Defamation**

The Amended Complaint also alleges a slander claim (and possibly also a defamation claim) stemming from the allegedly false allegations against Plaintiff that led to his termination.

Because the Court has already dismissed all of Plaintiff's federal claims, the Court could decline to exercise supplemental jurisdiction over his state law slander and defamation claims (and his other state law claims that the Court dismissed in the Order). However, because all of those state law claims are plainly meritless, the Court finds that it is appropriate to exercise supplemental jurisdiction over those claims and to dismiss them on the merits rather than subject Defendant to additional frivolous litigation in state court.

Defendant argues that the Amended Complaint has not, for various reasons, plausibly alleged slander or defamation claims.

It is unnecessary to reach the arguments raised by Defendant because Plaintiff's slander and defamation claims are clearly subject to dismissal on other grounds. Although not raised by Defendant, any claim for slander or defamation based on statements made prior to August 10, 2016 is time-barred. The statute of limitations for slander and defamation claims under New York law is one year. N.Y. C.P.L.R. 215(3). Plaintiff was terminated in April 2016 and did not file the instant lawsuit until August 10, 2017. (See ECF No. 1.) Thus, any slander or defamation claims concerning the alleged false statements that led to Plaintiff's termination are clearly time-barred. The only events referenced in Plaintiff's pleadings that occurred after August 10, 2016 involve an administrative proceeding concerning Plaintiff's unemployment benefits. Plaintiff, however, does not squarely allege any slander or defamation claims arising out of that proceeding. Moreover, any claims concerning allegedly slanderous or defamatory statements made in that proceeding are barred by the principle of absolute immunity. See Jean-Joseph v. Walgreens, Inc., No. CV-10-4635, 2011 WL 5025266, at *3 (E.D.N.Y. Oct. 21, 2011) (collecting cases and explaining that "the principle of absolute immunity in [the context of statements to the unemployment insurance board] is well-established").

## II. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the Amended Complaint is granted in its entirety and Plaintiff's claims are dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is directed to close this case and to send a copy of this Order to Plaintiff.

**SO ORDERED.**

Dated: February 13, 2019
Central Islip, New York

                                                               **/s/ (JMA)**
                                                  Joan M. Azrack
                                                  United States District Judge